NEW-YORK,<br>May, 1829.<br><br>Allen<br>v.<br>Crofoot.

Judgment for defendant.

---

## ALLEN *vs.* CROFOOT.

THIS was an action of *slander*, tried at the Onondaga circuit, in February, 1828, before the Hon. ENOS T. THROOP, then one of the circuit judges.

The defendant had entered a complaint in writing, under oath before a justice, against the plaintiff. The plaintiff was arrested on a warrant and brought before the justice, and after perusing the complaint, he asked the defendant, who was present, if he was guilty ; to which the defendant answered " that his shop had been broken open, his leather stolen, and his shoes cut to pieces, and he believed the defendant did it, and that he had reason to believe that the defendant did it." The plaintiff then asked the defendant whether he considered himself under oath, to which he answered that he did. For the speaking of these words upon this occasion the action was brought. The defendant contended on the trial that the words were spoken in the course of a judicial inquiry, and therefore were not actionable ; but his honor, the judge, charged the jury that the words were actionable, because the defendant was not, at the time of the speaking of them, testifying as a witness or complainant ; and the jury gave a verdict for the plaintiff for $100 damages, which was now moved to be set aside.

*Margin note:* Words spoken by a person who has preferred a criminal complaint against another in the presence of the magistrate, on the defendant's being brought before him on a warrant, averring the truth of his complaint, are not actionable.

NEW-YORK,
May, 1829.

Allen
v.
Crofoot.

*J. Edwards,* for defendant.

*J. A. Spencer,* for plaintiff.

*By the Court,* MARCY, J. The principle of law involved in this defence does not seem to be very clearly settled. After reviewing the cases on this subject, *Starkie,* (*Treatise on Slander,* 193,) lays down the broad rule that " No action can be maintained for any thing said or otherwise published in the course of a judicial proceeding, whether criminal or civil ; though for a malicious and groundless prosecution an action and perhaps an indictment may be supported, founded on the whole proceeding." This court, in the case of *Ring* v. *Wheeler,* (7 *Cowen,* 725,) adopt the rule of law laid down in *Buller's N. P.* 10, that the defendant may justify by shewing that the words were spoken by him as counsel, (and the party has the same defence,) and were pertinent to the matter in question.

In this case, as I understand it, the words charged were pertinent to the matter in question, because they were the reiteration of the charge specified in the complaint to which the defendant had made oath. The whole of this case is resolved into the question of fact, were the words spoken in the course of a judicial proceeding ? The parties were before the magistrate ; the plaintiff had been brought there on a warrant issued on a charge preferred against him by the defendant under oath ; the justice had furnished him with the written complaint against him, and he was perusing it when the defendant entered, and was interrogated by the plaintiff on the subject of the charge he had made against him. Under these circumstances, the defendant might have believed that the magistrate was proceeding on his complaint, and as the plaintiff had been brought in to answer to it, he might have supposed that the plaintiff had a right to question him, and that it was his duty to answer. When an appeal was thus made to him as to the truth of the charge in presence of the justice to whom it had been preferred, and who had the matter before him, silence, he might well suppose, would excite suspicion, and subject him to the imputation of shrink-

ing from his charge before the man he had accused. If he did speak, it was natural to expect an asseveration of his belief in the charge he had made under oath, and an affirmation that he had reason for preferring it.

There was not probably a trial, strictly speaking, going on in court at the time the words were uttered, nor was that necessary in order to make the defence available. The proceedings on the complaint do not appear to have been brought to a close; the matter of the complaint was then pending before the magistrate to abide his further order. In my judgment, the question of fact whether the words were spoken in the course of the proceeding upon the complaint made by the defendant, or under such circumstances that the defendant had reason to believe, and did in good faith believe that it was necessary for him then to repeat the charge contained in his complaint, should have been distinctly submitted to the jury. A new trial ought therefore to be granted, for the misdirection of the judge.

New trial granted.